******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

JOHN W. MILLS *v.* STATEWIDE
GRIEVANCE COMMITTEE
(AC 46606)

Seeley, Westbrook and Sheldon, Js.

*Syllabus*

The plaintiff attorney appealed from the judgment of the trial court dismissing his appeal from the decision of the defendant finding that he violated the Rules of Professional Conduct by failing to act competently in his representation of a client and ordering a sanction. He claimed, inter alia, that the trial court improperly dismissed his appeal because the record did not provide clear and convincing evidence that he acted incompetently. *Held*:

The trial court properly determined that clear and convincing evidence supported the defendant's finding that the plaintiff had violated rule 1.1 of the Rules of Professional Conduct when he acted incompetently in filing a complaint for a client without naming that client's business as a party.

This court declined to review the plaintiff's claim that the defendant abused its discretion by ordering him to complete three hours of continuing legal education, as the plaintiff raised this claim for the first time on appeal and failed to assert any arguments or facts demonstrating exceptional circumstances that would justify review of his unpreserved claim.

Argued September 6—officially released October 8, 2024

*Procedural History*

Appeal from the decision of the defendant finding that the plaintiff's conduct violated the Rules of Professional Conduct and ordering a sanction, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Cobb, J.*; judgment dismissing the appeal, from which the plaintiff appealed to this court. *Affirmed.*

*Suzanne B. Sutton*, for the appellant (plaintiff).

*Brian B. Staines*, chief disciplinary counsel, for the appellee (defendant).

*Opinion*

WESTBROOK, J. The plaintiff attorney, John W. Mills, appeals from the judgment of the trial court dismissing

his appeal from the decision of the defendant, the State-wide Grievance Committee (committee). The committee found that the plaintiff acted incompetently in violation of rule 1.1 of the Rules of Professional Conduct by failing to name his client's business as a party to her lawsuit and by failing to provide proof of the client's individual damages. The plaintiff claims on appeal that the trial court improperly dismissed his appeal because (1) the record does not provide clear and convincing evidence that he acted incompetently in violation of rule 1.1, and (2) the committee abused its discretion by ordering him to complete three hours of continuing legal education. We affirm the judgment of the trial court.

The record reveals the following relevant facts as found by a reviewing committee of the Statewide Grievance Committee (reviewing committee). The plaintiff is an attorney licensed to practice law in Connecticut. Cristy Lombardi retained the plaintiff to represent her and her business in an action against her accountant's estate. Pursuant to that representation, the plaintiff filed a complaint on behalf of Lombardi in her individual capacity. The complaint did not name Lombardi's business as a party to the action. After a trial on the merits, the court, *Abrams, J.*, issued a memorandum of decision stating: "The claims regarding the damage to [Lombardi's] financial situation fail for a lack of proof. The court declines to award damages regarding the proven claims related to economic damages suffered by [Lombardi's] business because her business is not a party to the suit." Lombardi subsequently filed a grievance complaint against the plaintiff with the committee.

On November 4, 2020, the New Haven Judicial District Grievance Panel found probable cause that the plaintiff had violated rule 1.1 of the Rules of Professional Conduct by failing to act competently in his representation of Lombardi. The reviewing committee subsequently

conducted a hearing on the matter. In its March 25, 2022 decision, the reviewing committee found the following facts by clear and convincing evidence: "The [plaintiff] failed to name [Lombardi's] business, Endless Journeys, as a [party] in the Superior Court case against the estate. The [plaintiff] was aware that [Lombardi's] business had incurred financial damages, as he had represented exactly that in correspondence to various individuals on at least two occasions and prior to [Lombardi's] matter going to trial. Additionally, the evidence at trial referenced [Internal Revenue Service] documents addressed to [Lombardi's] business. The decision by the court, while it awarded $5000 in noneconomic damages to [Lombardi], declined to award other damages on the basis that there was no proof [Lombardi] individually sustained damages. As the decision indicated, the proof provided was as to [Lombardi's] business only, and the business was not a party to the matter."

The reviewing committee found that "[t]he [plaintiff's] conduct in failing to name the business as a party to the Superior Court matter, as well as failing to provide proof that would have substantiated [Lombardi's] claim of damages in her individual capacity, is a clear violation of rule 1.1 of the Rules of Professional Conduct." The reviewing committee ordered the plaintiff "to take, at his own expense, three . . . credit hours of continuing legal education . . . in legal ethics within nine . . . months of the issuance of this decision." Pursuant to Practice Book § 2-35 (k),[1] the plaintiff requested review of the reviewing committee's decision. The committee thereafter issued a decision affirming the decision of the reviewing committee.

[1] Practice Book § 2-35 (k) provides in relevant part that, "[w]ithin thirty days of the issuance to the parties of the final decision by the reviewing committee, the respondent may submit to the Statewide Grievance Committee a request for review of the decision. . . ."

Pursuant to Practice Book § 2-38,[2] the plaintiff appealed from the committee's determination to the Superior Court. In its April 27, 2023 memorandum of decision, the court, *Cobb, J.*, found that clear and convincing evidence supported the reviewing committee's findings and conclusion that the plaintiff violated rule 1.1 of the Rules of Professional Conduct. The court dismissed the plaintiff's appeal. This appeal followed.

I

We first address the plaintiff's claim that the trial court improperly dismissed his appeal because the reviewing committee did not have clear and convincing evidence that he violated rule 1.1 of the Rules of Professional Conduct. Specifically, the plaintiff argues that (1) his failure to name Lombardi's business as a party to her litigation does not constitute incompetence and (2) he could not have acted incompetently because another attorney in his office was responsible for trying the case. We disagree.

The reviewing committee's conclusion that the plaintiff acted incompetently is a factual finding. See *Cohen* v. *Statewide Grievance Committee*, 339 Conn. 503, 520, 261 A.3d 722 (2021) ("[t]he reviewing committee's conclusion that the plaintiff made a 'knowingly false statement' is a factual finding"). "Factual findings of the reviewing committee are reviewed under the clearly erroneous standard." Id. "Although the [S]tatewide [G]rievance [C]ommittee is not an administrative agency . . . the court's review of its conclusions is similar to the review afforded to an administrative agency decision." (Citation omitted.) *Weiss* v. *Statewide Grievance Committee*, 227 Conn. 802, 811, 633 A.2d 282 (1993). "The burden

---

[2] Practice Book § 2-38 (a) provides in relevant part that "[a] respondent may appeal to the Superior Court a decision by the Statewide Grievance Committee or a reviewing committee imposing sanctions or conditions against the respondent . . . ."

is on the [S]tatewide [G]rievance [C]ommittee to estab-
lish the occurrence of an ethics violation by clear and
convincing proof." (Internal quotation marks omitted.)
*Somers* v. *Statewide Grievance Committee*, 245 Conn.
277, 290, 715 A.2d 712 (1998).

"Upon appeal, the court shall not substitute its judg-
ment for that of the Statewide Grievance Committee
or reviewing committee as to the weight of the evidence
on questions of fact. The court shall affirm the decision
of the committee unless the court finds that substantial
rights of the [plaintiff] have been prejudiced because
the committee's findings, inferences, conclusions, or
decisions are: (1) in violation of constitutional provi-
sions, rules of practice or statutory provisions; (2) in
excess of the authority of the committee; (3) made upon
unlawful procedure; (4) affected by other error of law;
(5) clearly erroneous in view of the reliable, probative,
and substantial evidence on the whole record; or (6)
arbitrary or capricious or characterized by abuse of
discretion or clearly unwarranted exercise of discre-
tion." Practice Book § 2-38 (f). Stated succinctly, in
reviewing a decision of the committee to sanction the
plaintiff, "our role is limited to reviewing the record to
determine if the facts as found are supported by the
evidence contained within the record and whether the
conclusions that follow are legally and logically cor-
rect." (Internal quotation marks omitted.) *Somers* v.
*Statewide Grievance Committee*, supra, 245 Conn. 290.

Rule 1.1 of the Rules of Professional Conduct pro-
vides that "[a] lawyer shall provide competent represen-
tation to a client. Competent representation requires the
legal knowledge, skill, thoroughness and preparation
reasonably necessary for the representation." Commen-
tary to the rule explains that "[c]ompetent handling of
a particular matter includes inquiry into and analysis
of the factual and legal elements of the problem, and
use of methods and procedures meeting the standards

of competent practitioners. It also includes adequate preparation." Rules of Professional Conduct 1.1, commentary.

Here, the reliable, probative, and substantial evidence in the record provides clear and convincing evidence that the plaintiff acted incompetently in violation of rule 1.1 of the Rules of Professional Conduct. Lombardi retained the plaintiff to represent both her and her business, which is a limited liability company. The plaintiff, however, failed to inquire into the legal status of Lombardi's business and, instead, assumed that Lombardi was doing business as a trade name, and, therefore, he did not include the business as a party to the litigation.

"[A] fictitious or assumed business name, a trade name, is not a legal entity; rather, it is merely a description of the person or corporation doing business under that name." *America's Wholesale Lender* v. *Pagano*, 87 Conn. App. 474, 477, 866 A.2d 698 (2005). A limited liability company, however, "is a distinct legal entity whose existence is separate from its members. . . . [It] has the power to sue or to be sued in its own name . . . or may be a party to an action brought in its name by a member or manager. . . . *A member or manager, however, may not sue in an individual capacity to recover for an injury based on a wrong to the limited liability company.*" (Emphasis in original; internal quotation marks omitted.) *Bernblum* v. *Grove Collaborative, LLC*, 211 Conn. App. 742, 756, 274 A.3d 165, cert. denied, 343 Conn. 925, 275 A.3d 626 (2022). The reviewing committee found that, although "[v]arious documents and letters from the [Internal Revenue Service] that were submitted into evidence were addressed to Lombardi Roberts Travel, Inc., d/b/a Endless Journeys," only "[t]wo documents in evidence . . . referenced [Lombardi] in her individual capacity," thereby indicating that Lombardi's business was a separate legal

entity. Thus, because the plaintiff failed to name Lombardi's business as a party, the court that heard the underlying civil action, which found that the business sustained $2369.22 in economic damages, was unable to award those damages to Lombardi in her individual capacity.

The plaintiff does not dispute these facts. Rather, he argues that rule 1.1 of the Rules of Professional Conduct did not impose a duty to inquire about the legal status of Lombardi's business and that he "competently filed the complaint upon information known at the time of filing." The plaintiff, however, represented Lombardi's business and, at the time he filed the complaint, was aware that Lombardi's business had incurred financial damage. Evidence in the record shows that, before the plaintiff filed the complaint, he sent correspondence stating that the Internal Revenue Service had levied and withdrawn money from Lombardi's business bank account and that both Lombardi and her business had incurred damages. Moreover, he wrote in the complaint that the Internal Revenue Service levied Lombardi's personal and business bank accounts as a result of her failure to file income tax returns and that Lombardi was entitled to recover economic damages. The plaintiff therefore had a duty to determine the business' legal status and the implications of that status on Lombardi's ability to recover economic damages.

Had the plaintiff adequately prepared for litigation, as required by rule 1.1 of the Rules of Professional Conduct, he would have learned that the business is an entity that had to be named as a party for the court to award the economic damages sought. The fact that another attorney, rather than the plaintiff, represented Lombardi and her business at trial does not absolve the plaintiff of his earlier incompetence in filing the complaint without adequate preparation. On the basis of our review of the record, we conclude that the record

fully supports the reviewing committee's finding that, by clear and convincing evidence, the plaintiff had violated rule 1.1.

## II

The plaintiff next claims that the trial court improperly dismissed his appeal because the committee abused its discretion by ordering him to complete three hours of continuing legal education. He argues that the court should have (1) made specific findings regarding aggravating and mitigating factors under the American Bar Association's Standards for Imposing Lawyer Sanctions (ABA standards)[3] and (2) concluded that no sanction was appropriate. The committee, however, contends that this claim is not properly preserved for review because the plaintiff did not raise it before the

---

[3] The plaintiff argues that the trial court should have applied ABA standards 3.0, 9.22, and 9.32. Standard 3.0 provides: "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." A.B.A., Compendium of Professional Responsibility: Rules and Standards (2017 Ed.), p. 455, standard 3.0. Standard 9.22 provides the following aggravating factors: "(a) prior disciplinary offenses; (b) dishonest or selfish motive; (c) a pattern of misconduct; (d) multiple offenses; (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency; (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process; (g) refusal to acknowledge wrongful nature of conduct; (h) vulnerability of victim; (i) substantial experience in the practice of law; (j) indifference to making restitution; (k) illegal conduct, including that involving the use of controlled substances." Id., p. 463, standard 9.22. Standard 9.32 provides the following mitigating factors: "(a) absence of a prior disciplinary record; (b) absence of a dishonest or selfish motive; (c) personal or emotional problems; (d) timely good faith effort to make restitution or to rectify consequences of misconduct; (e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings; (f) inexperience in the practice of law; (g) character or reputation; (h) physical disability; (i) mental disability or chemical dependency including alcoholism or drug abuse . . . (j) delay in disciplinary proceedings; (k) imposition of other penalties or sanctions; (*l*) remorse; (m) remoteness of prior offenses." Id., p. 464, standard 9.32.

trial court. We agree with the committee and decline to review the merits of this claim.

Practice Book § 60-5 provides that this "court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial." "Only in the most exceptional circumstances will this court consider a claim that was not raised [before the trial court]. . . . Such exceptional circumstances may occur where a new and unforeseen constitutional right has arisen between the time of trial and appeal or where the record supports a claim that a litigant has been deprived of a fundamental constitutional right and a fair trial. . . . An exception may also be made where consideration of the question is in the interest of public welfare or of justice between the parties." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Egbarin*, 61 Conn. App. 445, 452, 767 A.2d 732, cert. denied, 255 Conn. 949, 769 A.2d 64 (2001).

The record reveals that the plaintiff did not raise before the trial court the issue of whether the committee's sanction was proper. Neither the plaintiff's complaint nor his written brief in support of his appeal to the trial court raises this issue. His brief states: "[The plaintiff] submits this brief in support of his appeal to the Superior Court of the decision . . . of the [reviewing committee] . . . which was affirmed by the [committee] . . . to the extent that the decision concluded that the [plaintiff] engaged in unethical conduct in violation of rule 1.1 of the Rules of Professional Conduct." At the January 24, 2023 hearing before the trial court, the plaintiff similarly argued that the reviewing committee's finding that he violated rule 1.1 was not supported by the record. He did not, however, argue that the committee's order to complete three hours of continuing legal education was an improper sanction. Moreover, the trial court, in its memorandum of decision, stated that "the plaintiff argues only that

the reviewing committee's decision was clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." The trial court addressed the committee's order only to the extent that it stated that the "reviewing committee, therefore, correctly concluded that the plaintiff's conduct violated rule 1.1 and ordered a modest penalty, requiring him to undergo three hours of continuing legal education."

On the basis of our review of the record, it is clear that the plaintiff is raising this claim for the first time in this appeal. The plaintiff, however, fails to assert any arguments or facts demonstrating exceptional circumstances that would justify review of this unpreserved claim. Accordingly, we decline to review the merits of this claim. See *Statewide Grievance Committee* v. *Egbarin*, supra, 61 Conn. App. 452 (declining to reach merits of claim that was not raised on appeal to trial court).

The trial court properly determined that the committee had clear and convincing evidence that the plaintiff acted incompetently in violation of rule 1.1 of the Rules of Professional Conduct.

The judgment is affirmed.

In this opinion the other judges concurred.